IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LISA D. JONES,
    Plaintiff,

v.                                          Case No:   5:08cv305/SPM/MD

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant.
_____

## REPORT AND RECOMMENDATION

       This case has been referred to the undersigned magistrate judge pursuant to the authority of 28 U.S.C. § 636(b) and Rules 72.1(A), 72.2(D) and 72.3 of the local rules of this court relating to review of administrative determinations under the Social Security Act and related statutes. It is now before the court upon a Motion to Dismiss filed by the defendant (doc. 12). Plaintiff was offered the opportunity to respond (doc. 19), but has not done so.

       Defendant contends, and plaintiff does not contest, that she has not exhausted her administrative appeal remedies. Defendant has filed a sworn declaration with exhibits (doc. 17-1) that shows the following:

       On May 2, 2005, after her application was denied initially and on reconsideration, plaintiff filed a request for hearing. The Administrative Law Judge dismissed this request on March 26, 2007, because Plaintiff and her attorney failed to appear at the hearing scheduled for February 12, 2008. Neither plaintiff nor her attorney responded to a notice to show cause for failure to appear (Exhibit 3). On April 14, 2007, plaintiff filed a request for review of the ALJ's order dismissing her request for hearing and noting that the determination dated March 28, 2005 remained

in effect (Exhibit 4).  On August 5, 2008, the Appeals Council dismissed plaintiff's request for review of the ALJ's order of dismissal.  On September 29, 2008, plaintiff filed her Complaint in district court.

Title 42 U.S.C. § 405(g) is the exclusive jurisdictional basis for judicial review in cases arising under the Social Security Act, and, in order to obtain review under 42 U.S.C. § 405(g), a claimant must first exhaust administrative remedies.  42 U.S.C. § 405(g) and (h), authorize judicial review in cases arising under the Act. Those provisions also make clear that they are the exclusive jurisdictional basis for judicial review:

> [any] individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

20 C.F.R. § 405(g).

The regulations further provide:

> [n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

20 C.F.R. § 405(h).  Thus, Congress has made clear that, in claims arising under the Social Security Act, judicial review is permitted only in accordance with section 405(g).  It is also well settled that, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *See Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 475 (1994).  Further, "the 'terms of the [United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Id*. (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

Title 42 U.S.C. § 405(g) authorizes judicial review only of a "final decision of the Commissioner of Social Security made after a hearing."  The ALJ's dismissal of

this case for plaintiff's failure to appear is not such a decision.  As the Supreme Court has recognized, "[t]his provision clearly limits judicial review to a particular type of agency action." *See Califano v. Sanders*, 430 U.S. 99, 108 (1977).  The term "final decision" is undefined in the Act, and "its meaning is left to the [Commissioner] to flesh out by regulation."  *See Weinberger v. Salfi*, 422 U.S. 749, 767 (1975).  The regulations, in turn, provide that a claimant must complete an administrative review process to obtain a judicially reviewable final decision.  *See* 20 C.F.R. §§ 404.900(a), 416.1400(a); *see also Sanders*, 430 U.S. at 102 ("[t]he Act and regulations thus create an orderly administrative mechanism, with district court review of the final decision of the [Commissioner].").

      Here, the notice to show cause for failure to appear, dated February 12, 2007, afforded plaintiff the opportunity to explain her absence from the scheduled hearing.  It advised her how to show good cause for her absence and the standards applicable to her submission. Finally, the notice informed plaintiff that she would get another hearing if she met the good cause requirements, and that if she did not, her request for hearing would be dismissed and the determination dated March 28, 2005, would remain in effect.  Plaintiff failed to take this required action.

      Because she did not exhaust her administrative appeals remedies, plaintiff did not obtain a judicially reviewable "final decision" and the complaint seeking judicial review should be dismissed.

      Accordingly, it is respectfully RECOMMENDED that the Commissioner's Motion to Dismiss (doc. 12) be AFFIRMED, that judgment be entered in favor of the defendant, and that the clerk be directed to close the file.

      At Pensacola, Florida this 23rd day of March, 2009.

      /s/ *Miles Davis*
      **MILES DAVIS**
      **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).